## Case No. 12,201.

### In re SACCHI.

[6 N. B. R. 398;[1] 43 How. Pr. 250.]

District Court, E. D. New York. March 27, 1872.

BANKRUPTCY—REMOVAL OF ASSIGNEE—CAUSES ALLEGED.

A petition was filed against an assignee in bankruptcy to have him removed for the reason that he attacked two mortgages upon the bankrupt's property without sufficient cause, and that he delayed a sale of the property for the purpose of obtaining the rents in order to spend them in litigation. *Held*, that the assignee was fully justified in his attack upon the mortgages, and that there was no evidence to show that he ever collected any rents, or how

[1] [Reprinted from 6 N. B. R. 398, by permission.]

much he has spent in litigation. Petition dismissed, with costs to be paid out of the fund.

[In the matter of Ernest Sacchi, a bankrupt.]

A. C. Morris, for petitioner.
Tracy, Catlin & Van Coot, for assignees.

BENEDICT, District Judge. This case comes before the court upon a petition for the removal of an assignee, chosen by the creditors of the bankrupt. The petition is filed by Gustavus A. Sacchi, who, since the adjudication of bankruptcy, has become the sole creditor by a purchase of all the debts. If the petitioner had sought an order for the substitution of an assignee of his own choosing, in place of the one originally chosen by the creditors, upon the ground that he had become the sole creditor, I should have felt disposed to grant the order; but such an order is declined, and the retention of the present assignee made dependent upon the decision of the court on the charges of misconduct made against him in the petition.

The complaint against the assignee is that, without sufficient cause, he attacked two mortgages upon the bankrupt's property, known as the "Brooklyn market;" one of fifteen thousand dollars, held by Henry Mill; the other for thirty thousand dollars, held by the petitioner, and that he has delayed a sale of the property for the purpose of obtaining the rents in order to spend them in litigation. I have examined with some care the circumstance under which the assignee interposed a defense to the mortgages in question, and stopped the foreclosure proceedings taken in the state court to procure a sale of the property in question, and I find nothing to support a charge of misconduct against the assignee—but, on the contrary, much to justify his attack upon the mortgages. I am confirmed in this opinion by the fact that none of the creditors, except the petitioner, appear to have complained of the action of the assignee; that Mill, whose mortgage of fifteen thousand dollars was attacked for usury, does not appear here to complain, and that when the mortgage of thirty thousand dollars, held by the petitioner, who is the father of the bankrupt, was attacked, he bought up all the creditors interested to push the attack, at a loss of four thousand dollars, as he says. In view of all the circumstances, I am inclined to think that it would have been good ground for an application for the removal of the assignee if he had omitted to attack the mortgages. Nor is the method adopted by him, in his endeavor to release this property from the mortgages, open to criticism. The charge that he delayed the action of the mortgagees, in order to collect rents to spend in litigation, is wholly unsupported by the evidence. The proofs do not show that he ever collected any rents, or how much he has spent in litiga-

tion. The assignee admits that he has paid or is become liable for fees in the defense of the suits brought to foreclose the mortgages referred to, but no amount is stated or proved, and, so far as the evidence shows, there is no fact which will warrant the inference that the defense of the suits was interposed for any other reason except to protect the property from what he supposed to be illegal demands. It is true that the assignee might have applied sooner than he did for an order directing the sale of the property, but when he did apply the petitioner opposed, and, moreover, it is by no means clear that the property could, with due regard to the interest of the creditors, be sold earlier than even the present time. If the petitioner desired for his own interest to realize upon his mortgage, proper proceedings on his part in this court would have given him relief. Markson v. Heaney [Case No. 9,098]. The petitioner failed to apply to this, and took proceedings in the state tribunal, thus compelling the assignee to resort to injunctions in order to stop his proceedings there, and save the property for distribution among the creditors in this court, where its distribution properly belongs.

The prayer of the petitioner is therefore denied, with costs of the proceedings to be paid out of the fund.